# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DARREN G. FIELDS and
W/D ENTERPRISES, INC.,

          Plaintiffs,

          vs.                                Case No. 08-1119-JTM

ELAINE CHAO,
Secretary of the United States
Department of Labor,

          Defendant.

## MEMORANDUM AND ORDER

Presently before the court is plaintiff Darren G. Fields' and W/D Enterprises' motion for preliminary injunction (Dkt. No. 2) and plaintiff's motion for a protective order. The court held an evidentiary hearing on the motions, and granted both of them at the conclusion of the hearing. This order serves to memorialize those findings.

### 1. Background Facts

Plaintiff Darren Fields lives in Wichita and is president W/D Enterprise, Inc, a company that was awarded service contracts by the United States and thus received federal money as payment for services rendered. From 2001 to 2003, the United States Department of Labor, Wage and Hour Division investigated eight contracts of W/D Enterprise that were subject to the McNamara-O'Hara Service Contact Act (SCA), which requires federal contractors to pay

prevailing wages and fringe benefits predetermined by the Secretary of Labor, or specified in a collective bargaining agreement.

As a result of the investigations, the Solicitor of Labor filed a complaint with the Office of Administrative Law Judges in February 2004, and alleged that plaintiffs underpaid employees on the contracts, and failed to pay wages and fringe benefits. Because of those alleged violations, and pursuant to the SCA, the Solicitor of Labor requested that plaintiffs be debarred for three years. Plaintiffs answered the complaint and the matter proceeded to an evidentiary hearing on May 24, 2005. The Administrative Law Judge (ALJ) concluded that plaintiffs violated the SCA and ordered that plaintiffs could not be awarded United States Government contacts for three years due to the fact that plaintiffs did not establish "unusual circumstances" to warrant relief from the debarment section of the SCA.

Plaintiffs timely filed a petition for review with the Administrative Review Board (ARB), which affirmed the ALJ's order on January 31, 2008, when it found that the preponderance of the evidence supported the ALJ's order that plaintiffs should not be awarded United States Government Contracts for three years, or, in other words, should be placed on the debarment list.

Plaintiffs have exhausted their administrative remedies under the SCA and its implementing regulations. As such, plaintiffs filed suit in this court on April 30, 2008, in which they claim that the order of debarment is contrary to both the evidence presented at the hearing concerning "unusual circumstances" and to the findings made by the ALJ, and thus amounts to arbitrary and capricious actions by the defendant, contrary to 5 U.S.C. § 706(2).

Plaintiffs seek an order staying the effect of the debarment order, and note that 90% of its business is derived from federal contracts and state contracts subsidized with federal funds.

Specifically, plaintiffs ask that this court immediately issue an order staying the order of the ARB and enjoining the Department of Labor, its officials, agents, and employees pending trial.

## 2. Motion for Preliminary Injunction

To prevail in securing a preliminary injunction, the moving party must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm in the absence of an injunction; (3) the threatened harm outweighs any injury which may be caused the opposing party; and (4) the injunction will not be adverse to public interest. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1236 (10th Cir. 2001).

A preliminary injunction is an extraordinary remedy that should not be granted unless the movant can establish a "clear and unequivocal" right to relief. *Heiderman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (internal citation and quotations omitted).

However, the Tenth Circuit "has adopted the Second Circuit's liberal definition of the 'probability of success' requirement." *Otero Sav. & Loan Ass'n v. Federal Reserve Bank*, 665 F.2d 275, 278 (10th Cir. 1981). Accordingly, where the moving party has established that the three "harm" factors tip *decidedly* in its favor, the "probability of success requirement" is somewhat relaxed. *Prairie Band*, 253 F.3d at 1246-47 (*quoting Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999). In such cases, the movant "need only show questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation." *Resolution Trust*, 972 F.2d at 1199 (internal citations omitted).

Nonetheless, the Tenth Circuit has also held that this less rigorous standard should not be applied where, as in this case, "a preliminary injunction seeks to stay governmental action taken

in the public interest pursuant to a statutory or regulatory scheme." *Heideman*, 348 F.3d at 1189; *see* 29 C.F.R. 4.104(b).  (The SCA's purpose is "to impose obligations upon those favored with Governmental business by precluding the use of the purchasing power of the Federal Government in the unfair depression of wages and standards of employment.")

Moreover, the Tenth Circuit disfavors preliminary injunctions that disturb the status quo. *Prairie Band*, 253 F.3d at 1247 n. 4, 1250.  Where an injunction would alter the status quo, the movant has the heightened burden of making a "strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *General Motors Corp. V. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).  Because the order of debarment went into effect on February 15, 2008, it is the status quo, and the heightened standard thus applies.

Although this is admittedly a tough case, the court grants the motion.   The main reason for doing so is that Mr. Fields and his company will likely be forced to shut down if it does not receive an injunction because it will not be able to bid or complete existing jobs.  Further, the harm that could occur to the government by granting the preliminary injunction is basically nonexistent.  That is not to say that the Department of Labor does not have valid reasons to place people under debarment; rather, it is an important agency that protects the general public. Nevertheless, if this court were to deny the injunction and then later find in favor of the plaintiff on appeal, it will be nothing but a pyrrhic victory.  Further, there are several innocent employees whose jobs would be in jeopardy if Mr. Fields unnecessarily goes out of business.  If, however, the court does not find in favor of plaintiff on appeal, then the debarment will resume again, and

all the parties will be put back in virtually the same position. It is primarily because of that irreparable harm that the court grants the motion for the preliminary injunction.

### 3. Motion for a Protective Order

Plaintiff's motion for a protective order was also granted to the extent that the Department of Labor may not initiate contact with agencies to inform them about plaintiff's debarment. However, if other agencies contact the Department of Labor, then it can certainly respond and provide information to them. Additionally, the Department of Labor is also permitted to respond to employee complaints. Essentially, the protective order is intended to prevent the Department of Labor from initiating publication of the debarment.

IT IS SO ORDERED this 27th day of June, 2008.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE