IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARREN FIELDS and, )
W/D ENTERPRISE, INC., )
       Plaintiffs, )
)
vs. )    Case No. 08-1119-JTM
)
ELAINE CHAO, )
U.S. Secretary of Labor, )
       Defendant. )
)
_____)

MEMORANDUM AND ORDER

Plaintiffs W/D Enterprise, Inc. (hereinafter "W/D") and Darren Fields, president of W/D, filed this action against defendant Secretary of Labor seeking review and an order reversing a debarment order, which would prevent plaintiffs from contracting with the government for a period of time. The plaintiffs allege that the Administrative Review Board's decision, which affirmed the Administrative Law Judge's decision was arbitrary, capricious and an abuse of discretion. (Dkt. No. 23 at 1). The Administrative Law Judge (hereinafter "ALJ") issued a decision on October 18, 2005 and the Administrative Review Board issued a decision on January 31, 2008. W/D began servicing government contracts in 1998. The United States Department of Labor, Wage and Hour Division investigated W/D during the years 2001, 2002 and 2003. Wage and Hour Division suspected that W/D had violated the McNamara-O'Hara Service Contract Act, 41 U.S.C. § 351 *et seq.*, by failing to pay appropriate prevailing wages and fringe benefits. The Secretary of Labor filed a complaint with the office of administrative law judges in February 2004. The ALJ held a hearing on May 24, 2005 and issued a decision that the plaintiffs did not establish "unusual circumstances"

1

to warrant relief from the debarment section of the Act. Plaintiffs filed a petition for review with the Review Board and it subsequently affirmed the ALJ's decision to place plaintiffs on the Department of Labor's debarment list.

Wage and Hour concluded its first investigation in March of 2001 and found that W/D had failed to increase base wages pursuant to a revised wage determination. (Dkt. No. 17-62, Stipulation (hereinafter "Stip.") 21). The Wage and Hour Investigator discussed W/D's failure to comply with the revised wage determination in a final conference held with Fields in March of 2001. (Dkt. No. 17-62, Stip. 21). Wage and Hour began a second investigation in August of 2001 and held a final conference with W/D on April 23, 2002 and informed Fields that W/D had failed to do the following: 1) increase base wages; 2) pay holidays; 3) pay fringe benefits; and 4) pay vacations. (Dkt. No. 17-62, Stip. 26 & 75). Wage and Hour began a third investigation on January 7, 2003, and determined W/D was again not paying appropriate base wages, holidays and fringe benefits. (Dkt. No. 17-62, Stip. 78 and 133).

The Review Board noted that "the parties stipulated to facts plainly establishing that [W/D] continued to underpay their service contract employees the wages and fringe benefits due them even after Wage and Hour had provided [W/D] with specific Act compliance guidance on the contract(s) at hand." (Dkt. No. 17-93 at 8). The Review Board agreed with the ALJ's finding that Fields either "knew or should have known" by the second and third investigation that he continued to violate the Act, and that his "assertion that all the subsequent errors were caused by mistakes, misunderstanding and confusion, which may have been true at first, was no longer credible." (Dkt. No. 17-93 at 9). The ALJ concluded that Fields at minimum, was placed on notice of the law at the conclusion of the first investigation and he was admittedly negligent when he failed to apprise himself of his

contractual duties after April 2001.

The Act requires federal contractors to satisfy certain standards regarding the provision of minimum wages and fringe benefits to their employees. 41 U.S.C. § 351. "If a contractor violates any provision of an employment contract that the Act requires to be included, the DOL [Department of Labor] shall forward the contractor's name to the Comptroller General for inclusion in the debarment list. The sole exception is for cases in which the Secretary of Labor concludes that 'unusual circumstances' justify exclusion from the list." *A to Z Maint. Corp. v. Dole*, 710 F.Supp. 853, 855 (D.D.C. 1989). The burden of establishing "unusual circumstances" rests with the violator. 29 C.F.R. § 4.188(b)(1); *see In re United Kleenist*, ARB Case No. 00-042, 2002 WL 181779, at *8 (DOL Adm.Rev.Bd). The Act's enforcement scheme generally anticipates debarment proceedings whenever a government contractor has violated the Act or its associated regulations, but both the statute and regulations provide that the existence of "unusual circumstances" may warrant a reprieve from that sanction. *See* 41 U.S.C. § 354(a); 29 C.F.R. § 4.188(a). The Act does not define "unusual circumstances". The existence of "unusual circumstances" in a given case depends on the absence of aggravating factors and the presence of mitigating factors. *See Dantran, Inc. v. U.S. Dept. of Labor,* 171 F.3d at 58, 73 (1st Cir. 1999) (listing some aggravating and mitigating factors); 29 C.F.R. § 4.188(b)(3). If a contractor's conduct evidences one of the enumerated aggravating circumstances, which include culpable neglect or culpable disregard of regulatory obligations, "relief from the debarment sanction cannot be in order." *Id.* at § 4.188(b)(3)(I).

The "unusual circumstances" analysis is done on a case-by-case basis, 29 C.F.R. § 4.188(b)(1), and may warrant relief from debarment if three components are satisfied. First, there must be no aggravated circumstances, which include willful or deliberate violations, "culpable

neglect to ascertain whether practices are in violation, culpable disregard of whether they were in violation or not, or culpable failure to comply with recordkeeping requirements (such as falsification of records)." *Id.* at § 4.188(b)(3)(I). Second, the contractor must have maintained a good compliance history, cooperated in the investigation, repaid monies due, and adequately assured future compliance. *Id.* at § 4.188(b)(3)(ii). Finally, when aggravating circumstances are absent and mitigating circumstances are present, the Secretary must consider a variety of other factors, including whether sums due were promptly paid, the seriousness of past or present violations, and "whether liability was dependent upon resolution of a bona fide legal issue of doubtful certainty." *Id.*

41 U.S.C. §§ 38 and 39 apply to the Secretary's authority to enforce provisions of the Act. The findings of the Secretary, "if supported by the preponderance of the evidence, shall be conclusive in any court of the United States." 41 U.S.C. § 39; *see Federal Food Service Inc. v. Donovan,* 658 F.2d 830, 833 (D.C.Cir.1981); *Midwest Maintenance & Constr. Co. v. Vela,* 621 F.2d 1046, 1048 (10th Cir.1980). As one court has stated, "[t]he district court's scope of review is limited to the legal question whether the ALJ applied and satisfied the standard of proof required to find a violation of the Service Contract Act." *American Waste Removal Co. v. Donovan,* 748 F.2d 1406, 1408 (10th Cir.1984). Once the findings are so evaluated, the court's final determination must be whether the Secretary's conclusions of law are arbitrary or capricious according to the standard of 5 U.S.C. § 706. The court is bound to review the agency's final decision under the "preponderance evidence" standard. Section 4(a) of the Act, 41 U.S.C. § 353, provides that the Secretary's factual findings made pursuant to the Act are "conclusive if supported by the preponderance of the evidence." *Midwest Maint. & Constr. Co. v. Vela*, 621 F.2d 1046, 1048 (10th Cir. 1980).

The Review Board's conclusion that Fields had an utter disregard for his Act obligations is

supported by a preponderance of the evidence in the record. W/D failed to ascertain whether it was in violation of the Act and continued to violate the Act even after it knew how to comply. W/D stipulated to numerous violations arising out of several investigations. (Dkt. No. 17-38, Stip. 10, 133, 135). The Review Board concluded that the violations were the result of culpable conduct. (Dkt. No. 17-93 at 7). As noted above, "culpable conduct" under the Act includes "culpable neglect to ascertain whether practices are in violation, culpable disregard of whether they were in violation or not, or culpable failure to comply with recordkeeping requirements." *(In re Hugo Reforestation*, ARB Case No. 99-003, 2001 WL 487727, at *9 n.10 (DOL Adm.Rev.Bd) (quoting 29 C.F.R. § 4.188(b)(3)(I)). The Review Board concluded that the evidence supported the ALJ's observation that Fields did not take affirmative steps to ensure compliance. (Dkt. No. 17-93 at 6-7). The ALJ found that Fields was "negligent to the point of disinterested as to compliance." (Dkt. No. 17-62 at 21). The Review Board noted that Fields admitted he understood his obligation to raise his employees' pay in accordance with revised wage determinations in April 2001. Fields failed to review W/D's contracts to ensure that its pay practices were in conformance. (Dkt. No. 17-93 at 7). After April 2001, W/D repeatedly failed to incorporate the revised wage rates into its employees' pay. Fields admitted he did not read the Department of Labor's revised wage determinations when they arrived in the mail and failed to follow through on his one attempt to modify a government contract based on an increase in the required wage. (Dkt. No. 17-93 at 7). The Review Board noted that there was a preponderance of evidence to support the ALJ's conclusion that the violations uncovered in the second and third investigations came after Fields admittedly was aware of his obligations. (Dkt. No. 17-93 at 7).

Each new investigation was initiated after Wage and Hour held a closing conference with Fields addressing the violations found in the previous contract and examined different periods of time. The Review Board concluded that W/D's culpable conduct precluded relief from the Act's debarment sanction pursuant to Part 1 of the unusual circumstances test. (Dkt. No. 17-93 at 10). The Review Board noted that it was unnecessary to address the mitigating factors raised by W/D since W/D was found to be culpable. *See In re Integrated Resources*, ARB No. 99-119, ALJ No. 1997-SCA-014 (ARB June 27, 2002) (if culpable conduct is found under the first prong of the unusual circumstances test, the contractor cannot be relieved from debarment despite any mitigating factors that might be considered under the second and third prongs of the test).

The evidence establishes significant and repeated violations in numerous contracts and a lack of effort to correct those mistakes. It is thus proper to conclude that such violations constitute culpable conduct, requiring debarment under the Act. *See, e.g. In re United Kleenist*, 2002 WL 181779, at *9 (debarment required where there is "negligent or willful disregard of the contract requirements and of the Act and regulations, including a contractor's plea of ignorance of the Act's requirements where the obligation to comply with the Act is plain from the contract, failure to keep necessary records and the like") (citing 29 C.F.R. § 4.188(b)(1)).

W/D exhibited culpable conduct and there was a history of similar, repeat and serious violations of the Act and therefore debarment is required by the Act. The findings of fact are supported by a preponderance of the evidence and the conclusions of law are not arbitrary or capricious.

Plaintiffs' appeal is denied.

IT IS SO ORDERED this 19th day of February 2009.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
