IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARREN G. FIELDS and
W/D ENTERPRISE, INC.,
       Plaintiffs,

      v.                                              Case No. 08-CR-1119 JTM

HILDA L. SOLIS
United States Secretary of Labor,
       Defendant.

ORDER

This matter is before the court on plaintiffs' motion for reconsideration or, in the alternative, for clarification of memorandum and order. (Dkt. No. 29). The defendant filed a response on March 16, 2009. (Dkt. No. 30). On February 19, 2009, the court issued an order affirming the Department's Administrative Review Board's Final Decision and Order. (Dkt. No. 27).

A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484. The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The plaintiffs did not raise any new arguments or points of law in support of their motion for reconsideration. They requested clarification on the following: 1) whether the three-year debarment is shortened by the nearly four months in 2008 that W/D was on the debarment list; 2) whether W/D is permitted to work on existing federal contracts once the debarment resumes and 3) whether debarment from federal contracts will affect W/D's ability to receive state contracts. (Dkt. No. 29-2 at 5-6).

The defendant addressed the plaintiffs' requested clarification points as follows: 1) "the Department will shorten W/D's debarment term to reflect the nearly four months in 2008 that the contractor was on the debarment list . . . ."; 2) "it is the Department's longstanding position that the Act does not prevent a debarred contractor from working on any federal contracts that were awarded prior to the contractor's entry onto the list.  When W/D's three-year term of debarment is reinstated, therefore, the [Service Contract Act] will not bar the contractor from continuing its work on federal contracts that were awarded prior to the debarment date."; 3) "The Department agrees that the [Service Contract Act] does not give it authority to debar federal contractors from state contracts." (Dkt. No. 30 at 4-6).

After reviewing the plaintiffs' motion, the court finds there is no new evidence for the court to consider and in light of the defendant's response that addressed the points raised by the plaintiffs, there is no need for an order of clarification.

IT IS THEREFORE ORDERED this 19th day of March, 2009, that the plaintiffs' Motion for Reconsideration (Dkt. No. 29) is denied.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE